UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JEROME R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04029-SLD-JEH |
| | ) |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Jerome R.'s Motion for EAJA Fees, ECF No. 16. Jerome requests that the Court award him $4,058.70 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides that a court shall award fees and expenses to a prevailing party in a civil action brought by or against the United States. Defendant Martin O'Malley, Commissioner of Social Security ("the Commissioner"), does not oppose the motion. Not. No Opp'n 1, ECF No. 17. For the following reasons, the motion is GRANTED.

BACKGROUND

Jerome filed this suit on February 14, 2023, seeking judicial review of the Commissioner's final decision denying his claim for disability insurance benefits pursuant to 42 U.S.C. § 405(g). *See* Compl. 1, ECF No. 1. On May 15, 2023, Jerome filed his Memorandum in Support of Plaintiff's Social Security Appeal, ECF No. 8, then the parties filed a Joint Stipulation to Remand to the Commissioner, ECF No. 13, on August 29, 2023. The Court granted the Joint Stipulation to Remand, reversed the Commissioner's decision, and remanded the case pursuant

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.

1

to sentence four of 42 U.S.C. § 405(g). Sept. 14, 2023 Order 1, ECF No. 14. Judgment was entered on September 19, 2023. Judgment, ECF No. 15. Jerome filed the instant motion on December 17, 2023, and the Commissioner filed a response to Jerome's motion the next day.

## DISCUSSION

**I.     Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Jerome is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit" (alterations and quotation marks omitted)).

The next question is whether Jerome's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). In Social Security cases

involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the district court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id*. at 102; *Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Judgment was entered by this Court on September 19, 2023. Either party would have had sixty days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have sixty days to appeal), and then thirty days to file a request for fees after the time for appeal expired. Jerome filed the instant motion on December 17, 2023—eighty-nine days after judgment was entered—so Jerome's request is timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A decision by an ALJ is considered part of the Commissioner's pre-litigation conduct. *Id.* For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases, and there must be a reasonable connection between facts and legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The Commissioner has the burden of proving that his position was substantially justified. *Id.* (citing *Golembiewski*, 382 F.3d at 724). Here, the Commissioner does not oppose Jerome's request for attorney's fees, *see* Not. No Opp'n 1, and thus has not met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Jerome is entitled to recover reasonable attorney's fees under the EAJA.

**II.    Reasonableness of Jerome's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Jerome's attorney's statement of time. *See* Itemization Hours, ECF No. 16-1. Jerome attests that his attorney spent 16.9 hours on his case. Mot. EAJA Fees 1.[2] The Court finds that the 16.9 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Jerome asserts that his attorney's work should be compensated at the hourly rate of $240.18. Mem. Supp. Mot. EAJA Fees 6, ECF No. 16-2. To justify the requested rate, he points

---

[2] The Itemization of Hours lists 16.9 as the TOTAL number of hours worked. Itemization Hours 2. When calculating line by line, however, the total adds up to 17.3 hours worked. *See id.* at 1–2. The Court uses the total figure of 16.9 hours because that is what Jerome expressly requested.

4

to the changes in the consumer price index ("CPI") for all consumers nationwide between the time Congress set the rate cap at $125 per hour (March 1996) and January 2023. *See id.*[3] He further provides affidavits from his attorney, Michael DePree, and another attorney from DePree's firm, Jeannette Keller, who attest that the requested rate does not exceed the prevailing market rate for attorneys of similar caliber. *See* DePree Aff. 1, ECF No. 16-4; Keller Aff. 1, ECF No. 16-5.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the changes in the CPI and by the assurances contained in the affidavits that the rate of compensation sought is not excessive. To determine what fee increase above the statutory ceiling may be authorized, courts often look to the ratio of the CPI at the time legal services were rendered and the CPI at the time the statutory limit of $125 was set. *See, e.g.*, *Sprinkle*, 777 F.3d at 428 ("Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." (footnote omitted)). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Anthony G. v. Kijakazi*, No. 4:21-cv-04220-SLD-KLM, 2023 WL 6879827, at *3 (C.D. Ill. Oct. 18, 2023); *Abhsie v. Berryhill*, No. 16 CV 7357, 2017 WL 4804741, at *1–2 (N.D. Ill. Oct. 25, 2017).

The work in this case was performed throughout 2023. *See* Itemization Hours 1–2. The average CPI for 2023 was 304.702. *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau of Lab. Stat., https://data.bls.gov/cgi-bin/srgate (enter "CUUR0000SA0"; select "Next - >"; under the "Specify year range:" heading, select "From: 1996" and "To: 2023"; under

---

[3] Within the Seventh Circuit, courts have discretion to use either a regional CPI or the national CPI in a specific case. *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs); *Sprinkle*, 773 F.3d at 428 n.2 ("leav[ing] to the discretion of the district courts whether to adopt the national or regional index in specific cases"). The Court follows Jerome's lead and uses the national CPI.

the "Annual Averages" heading, check "include annual averages"; then hit "Retrieve Data") (last visited May 31, 2024). As the CPI in March 1996 was 155.7, *see id.*, the CPI increased by a factor of 1.95698 by the end of 2023. An increase of the $125 statutory cap to $244.62 would therefore be warranted. This exceeds the $240.18 hourly rate sought by Jerome's attorney. The attorney affidavits provided here demonstrate that the requested rate does not exceed the relevant market rate. *See* DePree Aff. 1; Keller Aff. 1.

Using the requested $240.18 hourly rate, the total amount of attorney's fees for the 16.9 hours of work Jerome's attorneys performed would be $4,059.04. Jerome requests an amount slightly less than that: $4,058.70. This amount is reasonable. *See, e.g.*, *John J. v. Kijakazi*, No. 4:21-cv-04096-SLD-JEH, 2023 WL 3901478, at *3 (C.D. Ill. June 8, 2023) (finding an hourly rate of $224.00 to be reasonable); *Brett W. B. v. Kijakazi*, No. 4:19-cv-04248-SLD-JEH, 2022 WL 20211107, at *3 (C.D. Ill. July 21, 2022) (finding an hourly rate of $229.10 to be reasonable).

## CONCLUSION

Accordingly, the unopposed Motion for EAJA Fees, ECF No. 16, is GRANTED. Plaintiff Jerome R. is awarded $4,058.70 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Jerome owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Jerome has assigned his right to EAJA fees to his attorney, Att'y Fee Contract, ECF No. 16-3, so if the Commissioner determines that Jerome owes no pre-existing debt to the United States, the Commissioner shall direct payment of the award to Jerome's attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Jerome does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check

for the remainder after offset be made payable to Jerome and mailed to the business address of Jerome's attorney.

Entered this 31st day of May, 2024.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE